IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CELESTINE LIWOH MAKOKE, | § | |
| | § | |
| *Plaintiff,* | § | SA-26-CV-00835-FB-ESC |
| | § | |
| vs. | § | |
| | § | |
| PAMELA BONDI, ATTORNEY | § | |
| GENERAL OF THE UNITED STATES; | § | |
| KRISTI NOEM, SECRETARY OF THE | § | |
| U.S. DEPARTMENT OF HOMELAND | § | |
| SECURITY; MIGUEL VERGARA, | § | |
| FIELD OFFICE DIRECTOR OF | § | |
| IMMIGRATION & CUSTOMS | § | |
| ENFORCEMENT, ENFORCEMENT | § | |
| AND REMOVAL OPERATIONS SAN | § | |
| ANTONIO FIELD OFFICE; BOBBY | § | |
| THOMPSON, WARDEN, SOUTH | § | |
| TEXAS ICE PROCESSING CENTER; | § | |
| AND TODD LYONS, ACTING | § | |
| DIRECTOR, ICE; | § | |
| | § | |
| *Defendants.* | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Order and Report and Recommendation concerns the Petition for Writ of Habeas Corpus ("the Petition") filed by Petitioner Celestine Liwoh Makoke [#1]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#3]. The undersigned has authority to enter this order and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). For the reasons set forth below, it is recommended that the Petition be **GRANTED IN PART**, and that Respondents be

1

ordered to **RELEASE** Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. § 1231(a)(3).

### I. Jurisdiction

This Court has jurisdiction over the Petition because Petitioner challenges the constitutionality of his continued detention and not the final order of removal underlying his detention. The Real ID Act divests federal courts of jurisdiction to consider challenges to removal orders, and federal courts lack jurisdiction to review discretionary decisions of the Attorney General. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Federal courts have jurisdiction, however, to adjudicate claims challenging the constitutionality of an alien's continued detention. *See Abdulle v. Gonzales*, 422 F. Supp. 2d 774, 776 (W.D. Tex. 2006) (citing *Gul v. Rozos*, 163 F. App'x 317, 319 (5th Cir. 2006)).

### II. Background

Petitioner filed his Petition for Writ of Habeas Corpus on February 8, 2026, asking this Court to order his immediate release while he awaits his removal and to award attorney's fees and costs under the Equal Access to Justice Act.[1] Respondents Kristi Noem, Miguel Vergara, and Todd Lyons ("Federal Respondents") have filed a response in opposition to Petitioner's habeas corpus petition. The undersigned held an evidentiary hearing on April 6, 2026. The matter is ripe for the Court's review.

---

[1] In the alternative, Petitioner asks the Court to order Federal Respondents to review his custody under the standards articulated by ICE policies.

The relevant, undisputed facts in this case are established by the record and the representations of counsel at the evidentiary hearing.[2]  Petitioner Celestine Liwoh Makoke is a native and citizen of Cameroon who was encountered by a U.S. Customs and Border Protection Border Patrol Agent near Dulzura, California on January 14, 2025.  (Terry Decl. [#8-1], ¶¶ 2-3.)  On that date, Petitioner was apprehended and taken into Immigration and Customs Enforcement ("ICE") custody and placed in Expedited Removal proceedings pursuant to Section 235(b)(1) of the Immigration and Nationality Act ("INA").  (*Id.* ¶ 3.)  Petitioner claimed fear of return to Cameroon and was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear screening.  (*Id.*)  USCIS conducted a credible fear interview and, on February 20, 2025, issued a positive credible fear finding.  (*Id.* ¶ 4.)   USCIS also issued a Notice to Appear that charged Petitioner with removal from the United States on the basis of his inadmissibility for presence without permission or parole and for lacking required entry documents in violation of Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the INA.  (*Id.*)

On July 14, 2025, an immigration judge held a merits hearing on Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture.  (*Id.* ¶ 5.)  The Immigration Judge granted withholding of removal to Cameroon and denied all other forms of relief.  (*Id.*)  No timely appeal with the Board of Immigration Appeals was filed by either party.  (Pet. [#1], ¶ 1.)  Nearly seven months later, Petitioner was served an initial Notice of Custody Review and scheduled for an interview on February 8, 2026.[3]  (*Id.* ¶ 9.)

---

[2] The representations of counsel included in this Report and Recommendation are based on the FTR recording of the evidentiary hearing, which is in the process of being transcribed for the District Court.

[3] Federal Respondents asserted in their briefing that Petitioner received Post Order Custody Reviews ("POCRs") at the 90- and 180-day marks following the entry of his final order of removal. ([#8], at 7.)  Counsel for Federal Respondents, who appeared at the hearing but did not

During the eight and a half months since the Immigration Judge entered a final order of removal against Petitioner and granted withholding of removal to Cameroon, ICE has made no progress in identifying a third country to which Petitioner may be removed.  On November 24, 2025, ICE Enforcement and Removal Operations ("ERO") HQ added Petitioner's case to a "third country removal tracker" that monitors countries that are "willing to accept certain removable individuals that are not natives of that country."  (*Id.* ¶ 7.)  On February 4, 2026, ICE ERO contacted a Detention and Deportation Officer for updates about the status of Petitioner's third country removal request.  (*Id.* ¶ 8.) The Officer informed ICE ERO that Petitioner's case is "still pending" third country removal.  (*Id.*)  On February 8, 2026, Form I-269, Certificate of Identity, was prepared "to facilitate transportation to Panama."  (*Id.* ¶ 9.)  ICE ERO emailed the Officer on February 9, 2026, "for guidance of third country options for this case.  (*Id.* ¶ 10.)  As of February 26, 2026, ICE ERO was "waiting on third country approval." (*Id.* ¶ 12.)

As of the time of the writing of this Report and Recommendation, Petitioner remains in ICE custody.  During the hearing before the undersigned, counsel for Federal Respondents explained that Petitioner's case had been placed on a list of cases of Cameroonian nationals whom ICE is "having trouble removing."  Federal Respondents explained that a third-country removal request sent to Panama remains pending but were unable to specify when this request was submitted.  Federal Respondents also conceded that they are unaware of any cases where ICE was successful in removing Cameroonian nationals who had been granted withholding of removal to a third country.

---

personally prepare Federal Respondents' briefing in this case, clarified that this was a misstatement of the facts.  Petitioner's "90-day" POCR occurred six and a half months after Petitioner's order of removal became final, and Petitioner's "180-day" POCR has yet to occur.

### III.  Analysis

Petitioner argues that his prolonged detention following the entry of a final order of removal against him violates his Fifth Amendment due process rights and 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[4]  In turn, Federal Respondents contend that Petitioner is subject to a final order of removal that mandates his detention and that Petitioner has failed to meet his burden under *Zadvydas* to show there is no significant likelihood of his removal in the reasonably foreseeable future.  The District Court should find that Petitioner is entitled to relief on his substantive due process claim under *Zadvydas*.

In *Zadvydas*, the Supreme Court limited detention beyond the initial 90-day removal period to a period "reasonably necessary to bring about the alien's removal from the United States."  533 U.S. at 689.  The Court held that detention for six months is "presumptively reasonable," but beyond six months, if removal is no longer reasonably foreseeable, continued detention is not warranted.  *Id.* at 701.  Under *Zadvydas* and the regulations implementing it, if a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing.  *Id.*; 8 C.F.R. § 241.13(a).  If a noncitizen is not likely to be removed in the reasonably foreseeable future, the noncitizen must be released unless continued detention is justified by one of the "special circumstances" set forth in 8 C.F.R. § 241.14.  *Id.* § 241.13(e)(6).

---

[4] Petitioner also asserts claims for relief on procedural due process grounds and under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  Because the undersigned recommends that the District Court grant Petitioner's claim for release pursuant to the due process rights afforded Petitioner by the Supreme Court's decision in *Zadvydas*, this Report and Recommendation does not reach Petitioner's other claims.

The burden of demonstrating there is no significant likelihood of removal rests with the noncitizen.  533 U.S. at 701.  Petitioner contends there is no significant likelihood of removal because he cannot be removed to his home country of Cameroon and ICE's attempts to remove him to a third country are speculative and futile.  For their part, Federal Respondents argue that "[t]he 'reasonably foreseeable future' is not a static concept; it is fluid and country-specific, depending in large part on country conditions and diplomatic relations."  (Resp. [#8], at 4 (citing *Ali v. Johnson*, 2021 WL 4897659, at *3 (N.D. Tex. Sept. 24, 2021)).  They further argue that conclusory allegations are insufficient to meet Petitioner's burden of proof.  (*Id.* (citing Nagib v. Gonzales, No. 3:06-CV-0294-G, 2006 WL 1499682, at *3 (N.D. Tex. May 31, 2006).)  For the following reasons, the undersigned concludes that Petitioner has met his burden to provide good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future.

Withholding of removal is a form of relief that prohibits the Government from removing a noncitizen to a country where he has shown a sufficient likelihood of persecution, but does not guarantee relief from removal to an alternative country.  8 U.S.C. § 1231(b)(2)(E); *see generally* 8 U.S.C. § 1231(b) (providing the framework for designation).  However, "[v]ery few" people who are granted withholding of removal are removed from the United States.  *Puertas-Mendoza v. Bondi*, SA-25-CA-00890-XR, 2025 WL 3142089, at *3 (W.D. Tex. Oct. 22, 2025); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 537 (2021) (addressing the contention that "DHS often does not remove an alien to an alternative country if withholding relief is granted" and "only 1.6% of aliens who were granted withholding of removal were actually removed to an alternative country").  The grant of withholding of removal thus "substantially increases" the difficulty of removing Petitioner.  *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL

3654368, at *3 (W.D. Tex. Dec. 16, 2025) (quoting *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 398 (D.N.J. 2025)).

Courts in this District have repeatedly found that petitioners met their burden under *Zadvydas* by offering proof of a grant of withholding of removal and a lack of assurances from the Government that a third country will accept them. *See, e.g., Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705-6 (W.D. Tex. 2025); *Shengelia v. Ortega*, No. 5:25-CV-1545-JKP, 2025 WL 3654368, at *4 (W.D. Tex. Dec. 16, 2025); *Medellin Martinez v. Bondi,* No. SA:25-CV-1319-OLG, at 5 (W.D. Tex. Nov. 21, 2025).  Here, it is undisputed that Petitioner was granted withholding of removal to Cameroon.  It is also undisputed that Petitioner has been in ICE detention since January 2025, has had a final order of removal for over eight months, and that as of today, Federal Respondents have received no assurances from any third country that Petitioner may be removed somewhere other than his home country.  Petitioner has thus provided a "good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future.

Upon concluding that Petitioner has met his initial burden under *Zadvydas*, the undersigned turns to Federal Respondents' evidence.  Federal Respondents have failed to offer sufficient evidence to rebut Petitioner's showing.  They emphasize that, four and a half months ago, Petitioner's case was added to a "third country removal tracker" that monitors countries that are willing to accept certain removable noncitizens.  (Terry Decl. [#8-1], ¶ 7.)  During the hearing, however, Federal Respondents conceded that they are unaware of any cases where ICE successfully removed a Cameroonian national to a third country after being granted withholding of removal to Cameroon.  Federal Respondents also pointed out that they submitted a third-country removal request to Panama that remains pending, but were unable to specify when this

request was submitted.  They have also provided no evidence of Panama's assent—past or future—to accept Cameroonian nationals for removal from the United States.

Multiple district courts in this Circuit have found that the Government's burden to provide evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending travel document request alone.  *Trejo*, 807 F. Supp. 3d at 706 (collecting cases); *see Zamanpour v. Perez*, No. 5:25-CV-00224, at 16 (S.D. Tex. Dec. 24, 2025).  Federal Respondents have not offered any evidence of progress towards effectuating Petitioner's removal in the eight and a half months since his removal order became final other than a statement in a declaration from an ICE Deportation Officer that "ERO is waiting on third country approval." (Terry Decl. [#8-1], ¶ 12.)  Accordingly, the undersigned finds that Federal Respondents have failed to meet their burden and that Petitioner's continued detention violates his due process rights.  The undersigned thus recommends that Petitioner be released pursuant to *Zadvydas*.

Finally, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  Because the Fifth Circuit has held that fees under the EAJA are not available in habeas corpus proceedings such as this one, the District Court should deny Petitioner's request for relief under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 783 (5th Cir. 2022).

### IV.  Order and Recommendation

Based on the foregoing, the undersigned **recommends** that the Petition for Writ of Habeas Corpus filed by Petitioner Celestine Liwoh Makoke [#1] be **GRANTED IN PART** and that Respondents be ordered to **RELEASE** Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3).  At the hearing, the parties agreed to confer on appropriate and compliant conditions.

It is **THEREFORE ORDERED** that the parties confer on conditions of release and submit joint proposed conditions for Petitioner's post-removal supervision that comply with the relevant statutory provisions and regulations within **fourteen days** to be considered by the District Court.

The undersigned further **recommends** that Petitioner's request for attorney's fees under the EAJA be **DENIED**.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of April, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE