IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CELESTINE LIWOH MAKOKE, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-835-FB |
| | § | |
| BOBBY THOMPSON, Warden, South Texas ICE | § | |
| Processing Center; MIGUEL VERGARA, Field | § | |
| Office Director of Immigration & Customs | § | |
| Enforcement, Enforcement and Removal Operations | § | |
| San Antonio Field Office; TODD LYONS, Acting | § | |
| Director, ICE; KRISTI NOEM, Secretary of the U.S. | § | |
| Department of Homeland Security; and PAMELA | § | |
| BONDI, Attorney General of the United States, in | § | |
| Their Official Capacities, | § | |
| | § | |
| *Respondents.* | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on April 7, 2026 (ECF No. 15); and Respondents' Objections to the Report and Recommendation filed on April 22, 2026 (ECF No. 18).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Chestney recommends that the Petition for Writ of Habeas Corpus filed by Petitioner Celestine Liwoh Makoke (ECF No. 1) be GRANTED IN PART "and that Respondents be ordered to RELEASE Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3)." Report, ECF No. 15 at page 8.  Judge Chestney further recommends that Petitioner's Request for attorney's fees under the Equal Access to Justice Act be DENIED.

In their objections, Respondents "reassert all arguments presented in ECF No. 8" (Federal Respondents' Response in Opposition to Petitioner's Writ of Habeas Corpus) in support of their objections to Magistrate Judge Chestney's finding regarding foreseeability of removal and finding regarding lack of evidence to rebut Petitioner's showing there no significant likelihood of removal in the reasonably foreseeable future.  Respondents reurge their argument that they have met their burden to show a likelihood of removal in the reasonably foreseeable future based on efforts to locate third country removals for the Petitioner by contacting ERO Headquarters-Removals and International Operations ("HQ-RIO"), and adding Petitioner's case to a third country removal tracker.  Moreover, on February 8, 2026, Form I-269, Certificate of Identity, was prepared to facilitate transportation to Panama.  Respondents note that once travel documents are secured and approved by a third country, removal there is a significant likelihood in the reasonably foreseeable future.  (ECF No. 8 at pages 5-6.)  Therefore, Respondents assert Petitioner's continued detention is lawful because removal is likely in the reasonably foreseeable future.  However, as explained in

the Report and Recommendation, "[m]ultiple district courts in this Circuit have found that the Government's burden to provide evidence demonstrating that removal is likely in the reasonably foreseeable future is not met by a pending travel document request alone." Report, ECF No. 15 at page 8.

The Court has thoroughly analyzed the submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters properly raised by the objections. After due consideration, the Court concludes the objections lack merit and should be overruled. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (ECF No. 15). The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that: (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) shall be GRANTED IN PART and Respondents shall be ordered to RELEASE Petitioner from their custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3), and DENIED IN PART as to Petitioner's request for attorney's fees under the Equal Access to Justice Act ("EAJA") because fees under the EAJA are not available in habeas corpus proceedings like this one.[1]

Accordingly, it is hereby ORDERED that the Report and Recommendations of United States Magistrate Judge, filed in this case on April 7, 2026 (ECF No. 15) is ACCEPTED such that: (1) Petitioner's Petition for Habeas Corpus (ECF No. 1) is GRANTED IN PART such that Respondents are ORDERED to release Petitioner from their custody as set forth below:

---

[1] *See Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).

1.    Respondents are **DIRECTED to RELEASE** Petitioner Celestine Liwoh Makoke from custody under conditions compliant with statutory requirements contained in 8 U.S.C. §1231(a)(3) and agreed to by the parties[2] to a public place no later than **Wednesday, June 3, 2026**.

2.    Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.    Respondents shall **FILE** a status report no later than **Friday, June 5, 2026,** confirming that Petitioner has been released.

4.    In all other respects the Petition is **DENIED**.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are DISMISSED AS MOOT, and this case is now **CLOSED**.  A final judgment will issue separately.

It is so ORDERED.

SIGNED this 29th day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[2]   At the hearing held on April 6, 2026, before Judge Chestney the parties agreed to confer on appropriate and compliant conditions.  Report, ECF No. 15 at page 8.